**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **DONALD TAPP** | ) |
| | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
|     v. | )  Civil Action No. 1:15-cv-00768 - KBJ |
| | ) |
| **WASHINGTON METROPOLITAN AREA** | ) |
| **TRANSIT AUTHORITY** | ) |
| | ) |
|     **Defendant** | ) |

**DEFENDANT WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY'S RENEWED FED. R. CIV. P. 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendant Washington Metropolitan Area Transit Authority ("WMATA"), pursuant to Fed. R. Civ. P. 12(c), hereby renews its motion for judgment on the pleadings in this matter. Specifically, Plaintiff's entire Amended Complaint should be dismissed and judgment entered for WMATA because (1) Count I of Plaintiff's Amended Complaint, which is essentially an "*Accardi*" claim, cannot be maintained because WMATA, as a state-level agency of Maryland and Virginia, as well as the District of Columbia, is not subject to the Due Process Clause of the Fifth Amendment, Plaintiff's employment with WMATA was at-will, and regardless, WMATA did follow its own internal rules when it terminated Mr. Tapp; (2) Count II of Plaintiff's Amended Complaint asserting constitutional tort claims under 42 U.S.C. § 1983 cannot be maintained because WMATA is not subject to suits filed under § 1983 and, in the alternative, the factual allegations that form the basis of Plaintiff's Count II allegations are also futile under the Supreme Court's ruling in *Paul v. Davis*, 424 U.S. 693 (1976); (3) Plaintiff's intentional tort allegations of false light/invasion of privacy (Count III) and intentional infliction of emotional distress (Count V) cannot be maintained because WMATA is immune from torts arising out of

its police functions and/or its discretionary decisions and; (4) Plaintiff's gender discrimination allegation pursuant to Title VII of the Civil Rights Act of 1964 in Count IV of Plaintiff's Amended Complaint cannot be maintained because the Plaintiff failed to exhaust his administrative remedies before filing suit. In support of this motion, WMATA refers the Court to the attached Memorandum of Points and Authorities.

Respectfully submitted,

WASHINGTON METROPOLITAN
AREA TRANSIT AUTHORITY

/s/ Gerard J. Stief
Gerard J. Stief #925933
Chief Counsel, Appeals &
Special Litigation

*/s/ Michael K. Guss*
Michael K. Guss #465171
Associate General Counsel
WMATA-COUN
600 Fifth Street, N.W.
Washington, D.C. 20001
(202) 962-1468

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 19th day of January 2016, a copy of the foregoing WMATA's Fed. R. Civ. P. 12(c) <u>Motion for Judgment on the Pleadings</u>, supporting <u>Memorandum of Law and Points and Authorities</u> and proposed <u>Order</u> was electronically transmitted and served on:

Iris McCollum Green
GREEN & FOUSHEE
1730 M Street, N.W., Suite 609
Washington, D.C. 20036

                                                                                          */s/ Michael K. Guss*
                                                                                         Michael K. Guss

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **DONALD TAPP** | ) |
| | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
|     v. | ) Civil Action No. 1:15-cv-00768 - KBJ |
| | ) |
| **WASHINGTON METROPOLITAN AREA** | ) |
| **TRANSIT AUTHORITY** | ) |
| | ) |
|     **Defendant** | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF WMATA'S RENEWED FED. R. CIV. P. 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS**

**FACTUAL BACKGROUND[1]**

On February 3, 2015, Plaintiff Donald Tapp was terminated from his position as Superintendent of the Montgomery Bus Division. Bus Superintendents are considered "Middle Management Employees" and are thus, at-will employees[2]. *See* Exhibit 1: Categories of Employment Policy Instruction 7.2.1/1 (c) (1) & Exhibit 2: Job Description of Superintendent, Bus Services Operations. Plaintiff, as a middle manager, was not a member of any union and therefore did not have any collective bargaining rights. Plaintiff was terminated for violating WMATA's work rules, including a WMATA policy instruction governing the use and security of WMATA funds. His termination was in accordance with internal WMATA policy. *See* Exhibit 4: Affidavit of Michelle Renee Chapman.

---

[1] Plaintiff's allegations in the Amended Complaint are not in dispute for purposes of this motion only.

[2] WMATA Policy Instruction 7.2.1/1, Section 5.01(c)(1) states that Middle Management Employees, defined as employees with salary grades 12-15, are at-will employees who can be dismissed at any time for any reason with or without cause. According to the job description for Plaintiff's position, his salary grade was LS-12, which placed him in the middle management employee category. See Exhibits 1 & 2.

On April 29, 2015, Plaintiff filed his initial Complaint in the District of Columbia Superior Court. On May 26, 2015, WMATA removed this action to the United States District Court for the District of Columbia. On August 24, 2015, WMATA, per the scheduling order issued on July 28, 2015, filed its first motion for judgment on the pleadings. While WMATA's first motion for judgment on the pleadings was pending, Plaintiff filed two separate motions to amend his Complaint.

On December 10, 2015, the Court granted Plaintiff's Second Motion to Amend [his] Complaint and denied WMATA's First Motion for Judgment on the Pleadings filed on August 24, 2015 as moot without prejudice with an option to file another Motion for Judgment on the Pleadings upon the filing of Plaintiff's Amended Complaint. On January 5, 2016, Plaintiff filed his Amended Complaint for Unconstitutional Deprivation of Procedural Due Process (Wrongful Termination), Unconstitutional Deprivation of Liberty Interest (Defamation of Reputation plus, False Light, Invasion of Privacy), Gender Discrimination and Intentional Infliction of Emotional Distress (hereinafter, "Amended Complaint"). Count I of Plaintiff's Amended Complaint alleges the following wrongful termination under the 5th Amendment to the United States Constitution, which is otherwise referred to as a "*Accardi*" claim; Count II alleges constitutional tort claims under § 1983; Count III alleges gender discrimination under Title VII and Counts IV and V allege the intentional torts of false light, invasion of privacy and intentional infliction of emotional distress.

**ARGUMENT**

**I. Plaintiff's "*Accardi*" Claim under the Fifth Amendment to the United States Constitution Must Be Dismissed Because WMATA is a State Agency of Maryland and Virginia and Plaintiff was an At-Will Employee. Regardless, WMATA Followed Its Own Internal Rules When It Terminated Plaintiff.**

Plaintiff alleges in Count I of his Amended Complaint that WMATA committed a constitutional tort by violating its own internal rules when it terminated the Plaintiff; however, Plaintiff's *Accardi* claim is futile because the *Accardi* doctrine does not apply to state agencies. Besides, Plaintiff was an at-will employee with no property or liberty interest in his continued employment. *See Wilkinson v. Legal Services Corp*. 27 F. Supp. 2d 32 (D.D.C. 1998).

The *Accardi* doctrine arises out of a judicial principle first applied in *United States ex rel Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954). Rooted in the Fifth Amendment Due Process Clause, it basically states that a public federal agency must follow its own self-imposed nondiscretionary internal rules if those rules have the force of law. *Id.*; *see also Wilkinson* at 60. The doctrine is based on the rule-of-law principle derived from the Fifth Amendment Due Process Clause, which allows a federal court to assert its jurisdiction in order to review the internal administrative rules of federal agencies, but only if those administrative rules have the force of law. *Id*. The doctrine is interpreted as a constitutional hybrid claim — meaning that the agency procedure alleged to have been violated must also be a federal law. *Id.* If the self-imposed internal agency regulation or policy does not have the force of law, then the *Accardi* doctrine does not apply and the claim fails as a matter of law. *Id*. Because the *Accardi* doctrine is derived from the Fifth Amendment, it has only been applied to federal agencies and agencies of the District of Columbia. The doctrine is inapplicable to state agencies because it is not rooted in

the Fourteenth Amendment's Due Process Clause, "meaning that a party could not seek judicial review in federal court of a state agency's violation of its self-imposed rules at least where no property or liberty interest had been deprived." *See Wilkinson* at 54. (citing *Bishop v. Wood*, 426 U.S. 341, 349-50 (1976) & *Board of Curators of the Univ. of Missouri v. Horowitz*, 435 U.S. 78, 92 n. 8 (1977)).

There are four reasons why Plaintiff's *Accardi* claim, articulated in Count I of his Amended Complaint, must be dismissed. First, WMATA is not a federal agency. *See United States v. Colbert*, 601 A.2d 603, 605 (D.C. 1992). Second, WMATA is not only an agency of the District of Columbia, it is a state-level agency of Maryland and Virginia; therefore, the *Accardi* doctrine does not apply to WMATA because the doctrine does not arise under the Due Process Clause of the Fourteenth Amendment. *See Bishop v. Wood*, 426 U.S. 341, 350 (1976) (The Due Process Clause of the Fourteenth Amendment is not a guarantee against incorrect or ill-advised personnel decisions); *Board of Curators of the Univ. of Missouri v. Horowitz*, 435 U.S. 78, 92 n. 8 (1977) (The "*Accardi*" doctrine enunciates principles of federal administrative law rather than of constitutional law binding on the States).  Third, Plaintiff's employment was at-will; therefore, he had no property or liberty interest in his continued employment with WMATA that would trigger a violation under the Fifth or Fourteenth Amendment. *See Wood* at 348 (An at-will public employee has no liberty interest in his continued employment); *Grant v. District of Columbia*, 908 A.2d 1173, 1179-80 (D.C. 2006) (At-will employees have no liberty or property interest in their employment); *Wilkinson* at 63-64 (Court declining to apply *Accardi* doctrine because federal agency in question was an at-will employer and, besides, rule alleged to have been violated resulted in harmless error). Finally, Plaintiff's claim that WMATA did not follow its own internal rules when it terminated him is incorrect.

4

In the District of Columbia, absent express language indicating particular terms or duration of employment, the employment relationship is presumed to be at-will. *See Daisley v. Riggs Bank, N.A.*, 372 F. Supp. 2d 61, 67 (D.D.C. 2005). This presumption applies unless the parties clearly state their intention to limit the employer's right to terminate either by an express contract provision setting out a fixed term for employment or one that allows termination only for cause. *See Hodge v. Evans Fin. Corp.*, 707 F.2d 1566, 1568 (D.C. Cir. 1983); *Taylor v. WMATA*, 922 F. Supp. 665, 674 (D.D.C. 1996). An employer may discharge an at-will employee at any time and for any reason, or for no reason at all. *See Adams v. George W. Cochran & Co.*, 597 A.2d 28, 30 (D.C. 1991). Because at-will employees can be terminated at any time for any reason, they do not have protected property rights in their employment "triggering due process concerns." *See Mills v. D.C. Dept. of Mental Health Saint Elizabeths Hospital Managers*, 756 F. Supp. 2d 55, 58-59 (D.D.C. 2010).

In this case, at the time of Plaintiff's termination, he was working as the Superintendent for Bus Service Operations at the Montgomery Bus Division. His position was defined by WMATA as "middle management," which was considered an at-will employment position. *See* Exhibit 1: Categories of Employment Policy Instruction 7.2.1/1 (c) (1) (hereinafter, "P/I 7.2.1/1") and Exhibit 2: Job Description for Superintendent of Bus Service Operations. There is nothing in the Plaintiff's Complaint alleging that he was a member of a union with a collective bargaining agreement with WMATA or that he had signed a written employment contract with WMATA limiting WMATA's right to terminate Plaintiff. Therefore, there was no violation of Plaintiff's 5th Amendment due process rights in this case because he was an at-will employee.

Regardless of Plaintiff's *Accardi* allegations, WMATA followed its own internal rules when it terminated Mr. Tapp. Plaintiff seems to rely on Section 5.01 (c) of P/I 7.2.1/1, which

states that the dismissal of at-will employees must be approved by the respective Assistant General Manager/Department Head and approved in writing by WMATA's Human Resources Department ("CHRO") prior to termination. *See* Exhibit 1 & 4. According to Michelle Renee Chapman, the Manager of Employee Relations in WMATA's Human Resources Department, Mr. Tapp's termination was approved by CHRO and Mr. Robert Potts, who was the Acting General Manager of WMATA's Department of Bus Service and the appropriate official needed to approve of Mr. Tapp's termination. *See* Exhibit 4.

**II. Plaintiff's Deprivation of Liberty Claim Pursuant To 42 U.S.C. § 1983 Is Futile Because WMATA Is Not Subject To Suit Under § 1983.[3]**

Count II of Plaintiff's Amended Complaint must be dismissed because WMATA is not subject to suit for claims under 42 U.S.C. § 1983 because it is not a "person" within the meaning of the statute and; thus, shielded by WMATA's sovereign immunity. *See Headen v. WMATA*, 741 F. Supp. 2d 289, 294 (D.D.C. 2010).

It is well established that WMATA, as an entity created by interstate compact between Maryland, Virginia and the District, retains the sovereign immunities of each of those jurisdictions. *Id.*; *see also Morris v. WMATA*, 781 F.2d 218, 219-20 (D.C. Cir. 1986). The Supreme Court has declared that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). The

---

[3] Although addressing the merits of Plaintiff's allegations in Count II of his Amended Complaint is not necessary for purposes of this Motion for Judgment on the Pleadings, WMATA adds that Plaintiff's allegations are misleading at best. Plaintiff attached to his Complaint and the Amended Complaint a "manipulated" copy of the "Be On The Lookout" or "BOLO" issued by the MTPD. Plaintiff's copy obscures the language of the "BOLO" making it appear that WMATA banned him from all WMATA property and that the "BOLO" was made visible to the public. This is not the case. In Exhibit 1, WMATA attaches the actual, undistorted version of the actual "BOLO," which alerts employees of WMATA that Mr. Tapp "**is NOT allowed on any WMATA property that is *not open to the general public.*"** The "BOLO" also has a caption that states that it is "LAW ENFORCEMENT SENSITIVE" and "NOT FOR PUBLIC DISSEMINATION."

Supreme Court's decision in *Will* means that WMATA's sovereign immunity bars suits against it under § 1983. *See Headen* at 294. Therefore, without having to discuss the lack of merit to Plaintiff's deprivation of liberty claim, Count II of his Amended Complaint would be futile because WMATA is not subject to § 1983 claims.

Count II of Plaintiff's Amended Complaint alleges that WMATA and the Metro Transit Police Department harmed Plaintiff's "reputation" and caused him "embarrassment" and "personal humiliation" by the issuance of a "Be On The Lookout" ("BOLO") flyer that, contrary to Plaintiff's erroneous allegations, was only used to ban Plaintiff from WMATA property **not open to the general public** and only for a limited time after his termination. *See* Exhibit 4. (Emphasis added). Even if WMATA was not immune from § 1983 claims, Plaintiff's factual allegations he claims justifies his constitutional tort claims would still subject his § 1983 claim to dismissal because of the Supreme Court ruling in *Paul v. Davis*, 424 U.S. 693 (1976). In *Davis*, the respondent filed suit against the local police chief in Louisville, Kentucky after a photograph of the respondent bearing his name was included in a flyer of "active shoplifters" after his arrest for shoplifting. The respondent brought the action under § 1983 alleging that the petitioners' action under color of law deprived him of his constitutional rights. The Court rejected the respondent's claim, holding that harm to reputation alone — essentially defamation by the government or government official — does not result in any deprivation of any liberty or property interest invoking the procedural protection of the due process clause. *See Davis* at 712. The Court noted that the Due Process Clause was not intended to supplant tort law or to become "a font of tort law to be superimposed upon whatever systems may already be administered by the States." *Id*. at 701.

**III. Plaintiff's Intentional Tort Claims in Count III (False Light/Invasion of Privacy) and Count V (Intentional Infliction of Emotional Distress) of His Amended Complaint Should Be Dismissed Because WMATA is Immune from Allegations of Intentional Torts Arising out of Its Governmental and/or Discretionary Functions.**

Plaintiff's false light/invasion of privacy claim (Count III) and his intentional infliction of emotional distress claim (Count V) should be dismissed because WMATA enjoys sovereign immunity for torts committed in the performance of a governmental function, in this case the operation of the Metro Transit Police, and/or WMATA's discretionary decision to terminate the Plaintiff from his employment. *See Morris v. WMATA*, 781 F.2d 218, 220 (D.C. Cir. 1986); *Burkhart v. WMATA*, 112 F.3d 1207, 1216 (D.C. Cir. 1997).

Section 80 of the WMATA Compact states:

**The Authority shall be liable for its contracts and for its torts and those of its Directors, officers, employees and agent committed in the conduct of any proprietary function . . . but shall not be liable for any torts occurring in the performance of a governmental function.** The exclusive remedy for such breach of contracts and torts for which the Authority shall be liable, as herein provided, shall be by suit against the Authority.

*See* D.C. CODE ANN. § 9-1107.01 (80) (2015). (Emphasis added).

Plaintiff's intentional tort allegations arise out of the "BOLO" issued by the Metro Transit Police Department after Plaintiff's employment was terminated. Regardless of Plaintiff's hyperbolic allegations, WMATA's sovereign immunity bars all of Plaintiff's intentional tort allegations because they do not arise out of the performance of a proprietary function by WMATA. Police activity is quintessentially governmental. *See Morris v. WMATA*, 781 F.2d 218, 220 (D.C. Cir. 1986). Alternatively, the discretionary decision to issue the BOLO makes WMATA immune from suit. WMATA's sovereign immunity bars Plaintiff's intentional tort allegations for the following reasons: First, the issuance of the BOLO by the Metro Transit Police Department is unequivocally a quintessential governmental function. *Id.* Second, the

termination of Mr. Tapp, including any internal warnings to WMATA employees not to allow him on non-public WMATA property because he is no longer an employee, was also a discretionary function for which WMATA is immune from suit. It follows, therefore, that any intentional torts that are alleged to have arisen out of either, or both, of these functions are logically barred from suit by WMATA's immunity. See D.C. CODE ANN. §9-1107.01 (80) (2015) (WMATA is not liable for its torts occurring in the "performance of a governmental function."); *see also Beebe v. WMATA*, 129 F.3d 1283, 1287 (D.C. Cir. 1997) (Tort claims arising out of WMATA's employment decisions are shielded by WMATA's immunity).

**IV. Plaintiff's Gender Discrimination Suit under Title VII Must Be Dismissed Because Plaintiff Failed to Exhaust His Administrative Remedies.**

Plaintiff's Title VII allegation of gender discrimination in Count IV of his Amended Complaint must be dismissed because he has failed to exhaust his administrative remedies mandated under the statute before filing suit. Title VII requires that an employee exhaust his administrative remedies first by filing a claim with the EEOC before he files suit. *See* 42 U.S.C. § 2000e-5(e) (1), (f) (1); *Park v. Howard Univ.*, 71 F.3d 904, 907 (D.C. Cir. 1995) (Title VII requires a claimant to file an administrative charge with the EEOC and allow the agency time to act on the charge before filing suit in district court); *see also Headen v. WMATA*, 741 F. Supp. 2d 289, 294 (D.D.C. 2010). It is only after the EEOC notifies the employee of its decision to dismiss or its inability to bring a civil action within the required time can that employee bring a civil action himself. *See Park* at 907. The requirement that one exhaust his administrative remedies first before filing a Title VII claim is not a "mere technicality." *Id*.

There is no record that Plaintiff has filed the requisite complaint with the EEOC. Plaintiff has not attached a right-to-sue letter from the EEOC or given the Court any indication that he has

filed a complaint with the EEOC within the time period specified by the statute. *See* 42 U.S.C. § 2000e-5 (e) (1). Therefore, Plaintiff's Title VII claim must be dismissed.

Wherefore, for the forgoing reasons, WMATA respectfully requests that the Court dismiss this case, with prejudice.

Respectfully submitted,

WASHINGTON METROPOLITAN
AREA TRANSIT AUTHORITY


/s/ Gerard J. Stief
Gerard J. Stief #925933
Chief Counsel, Appeals &
Special Litigation

*/s/ Michael K. Guss*
Michael K. Guss #465171
Associate General Counsel
WMATA-COUN
600 Fifth Street, N.W.
Washington, D.C.  20001
(202) 962-1468

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **DONALD TAPP** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 1:15-cv-00768 - KBJ** |
| | ) | |
| **WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY** | ) | |
| | ) | |
| | ) | |
| **Defendant** | ) | |

**ORDER**

UPON CONSIDERATION of the foregoing Renewed Motion for Judgment on the Pleadings filed by WMATA, and any opposition thereto, it is this ___ day of February 2016.

ORDERED, that the Motion for Judgment on the Pleadings is GRANTED, and the case is dismissed with prejudice.

This is a Final Order

______________________________
Judge Brown Jackson

cc: Iris McCollum Green
GREEN & FOUSHEE
1730 M Street, N.W., Suite 609
Washington, D.C. 20036

Michael K. Guss
Associate Gen. Counsel-WMATA
600 5th Street, NW
Washington, D.C. 20001