UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DONALD TAPP, <br><br> Plaintiff, <br><br> v. <br><br> WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, <br><br> Defendant. | Civil Action No. 15-0768 (BAH) <br><br> Chief Judge Beryl A. Howell |

**MEMORANDUM OPINION**

The plaintiff, Donald Tapp, brought this wrongful termination lawsuit against the defendant, Washington Metropolitan Area Transit Authority ("WMATA"), asserting five claims, only one of which, alleging gender discrimination, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-17, s*ee* Am. Compl., Count III ¶¶ 39–51, ECF No. 24, survived the defendant's prior motion for judgment on the pleadings, under Federal Rule of Civil Procedure 12(c), *Tapp v. Wash. Metro. Area Transit Auth.* (*Tapp I*), 2016 U.S. Dist. LEXIS 135747, at *3 (D.D.C. Sept. 30, 2016) (KBJ) (granting defendant's Renewed Motion for Judgment on the Pleadings as to Counts I, II, IV and V, but denying dismissal of Count III).[1] Pending before the Court is the defendant's renewed motion for summary judgment on Count III on grounds of the plaintiff's alleged failure to exhaust his administrative remedies, as required by 42 U.S.C. § 2000e-5. Def.'s Mot. Summ. J. ("Def.'s MSJ"), ECF No. 33; Def.'s Mem. Supp. Def.'s MSJ ("Def.'s Mem.") at 1, ECF No. 33. For the reasons below, that motion is granted.

---

[1] This case was directly reassigned to the undersigned Judge on October 24, 2017. *See* Notice of Reassignment of Civil Case, ECF No. 39.

1

**I.      BACKGROUND**

The relevant factual and procedural history is summarized only to the extent necessary to evaluate the pending motion for summary judgment, as the facts have been recited in ample detail in the prior opinion. *See Tapp I* at *3–13.

**A. Factual Background**

The plaintiff was terminated, on February 3, 2015, from his position as Superintendent of the Montgomery Division of the WMATA Department of Bus Services, after twenty-five years of working for the defendant, for multiple reasons cited in a termination letter given to the plaintiff. *See* Am. Compl. ¶¶ 7–8; *id.*, Ex. 1 (Mem., dated Feb. 3, 2015, from Ted Harris, Service Director, to plaintiff regarding "Termination of Employment") ("Termination Letter"), at 1–2, ECF No. 24-2. These reasons included that the plaintiff had: (1) terminated a subordinate's employment, without notifying superiors or following the requisite process set out in a collective bargaining agreement, Termination Letter at 1; (2) an overall performance in 2014 that "has not been satisfactory," marked by the plaintiff's failure to meet time performance and absenteeism targets, ineffectively holding his division accountable "for the timely completion of routine assignments to include absenteeism tracking, payroll recordkeeping, and discipline administration," as well as "exhibit[ing] a pattern of inappropriate and unprofessional conduct in your interactions with direct and indirect staff, as well as other WMATA Department staff," *id.* at 2; and, finally, (3) admitted, in response to an inquiry about "missing" Montgomery Division petty cash, that he had "the petty cash in [his] possession," which violated WMATA Comptroller Procedures by failing to maintain the petty cash "in a secure manner during operating hours and locked in a safe during non-operating hours," *id.*

Regarding the last reason given for his termination, the plaintiff submitted an affidavit as an attachment to his Amended Complaint, admitting that he did not store the petty cash in the Division's safe because "no one had access to the combination by which it could be unlocked, as it had not been used in many years," leaving him "to secure the monies in [his] WMATA company vehicle." Am. Compl., Attach. 1 (Plaintiff's Affidavit, dated Sept. 22, 2015) ("Pl.'s Aff.") ¶ 1, ECF No. 24-1. He further states that his "predecessor superintendent did not have a safe in which to secure petty cash," *id.* ¶ 2, and cites an incident in October 2013 when his predecessor, who was a woman, "borrowed $200.00 from [], another superintendent, and handed it to me," *id.* ¶ 1. The remaining claim at issue in this case, Count III, challenges only one of the three bases for termination—the plaintiff's failure to maintain securely the Montgomery Division's petty cash—alleging that his termination was due to gender discrimination, since his female predecessor also did not utilize a safe to secure the petty cash. Am. Compl. ¶¶ 43–44, 50.

After his termination, the plaintiff visited an Equal Employment Opportunity Commission ("EEOC") office on M Street, N.E., on April 9, 2015, in order to file a discrimination charge. Def.'s Mot., Ex. 1, Depo. of Donald Tapp ("Pl.'s Depo."), Jan. 27, 2017, at 11:19–22, 12:20–22, ECF No. 33-2; Def.'s Stm. Material Facts Not in Dispute ("Def.'s SUMF") ¶¶ 1–2, ECF No. 33-1.[2] Although the plaintiff answered "Yes, I did," in response to the question whether he "file[d] a charge with the EEOC prior to [] filing suit in this case," Pl.'s Depo. at 11:15−18, he clarified how he filed the charge during the course of the deposition. Specifically, he did not have a written statement already prepared when he visited the EEOC

---

[2] The plaintiff submitted a memorandum in opposition to the defendant's motion but no "separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated." D.D.C. LCvR 7(h)(1). Consequently, in resolving this motion, without any controverted facts by the plaintiff, "the Court may assume that facts identified by the moving party in its statement of material facts are admitted." *Id.*

office, Pl.'s Depo. at 13:16–14:5; Def.'s SUMF ¶ 5, and was merely "interviewed by one of the I believe hearing officers there on site," Pl.'s Depo. at 12:11–14; *id.* at 27:16–20 (plaintiff testifying that hearing officer with whom he met was "female"). According to the plaintiff, he described during his EEOC interview the details of his allegations related to his termination, including that his predecessor, whose name he did not mention, had the same issue with storing petty cash and did not face discipline, whereas the plaintiff did. *Id.* at 15:17–20, 16:8–16 (testifying that he "did mention the details"). The EEOC officer told him that "she couldn't accept [his claim] because she didn't find any reason." *Id.* at 12:20–22; *see also id.* at 16:4–7 (responding to question about "reasons for denying your or not accepting your charge," plaintiff states "[o]ther than she couldn't find anything"). The plaintiff did not return to the EEOC office or otherwise attempt to file the charge, *id.* at 13:5–10, and made no further inquiries with the EEOC about an appeal in order to file the charge, *id.* at 13:11–15. The plaintiff does not indicate that he ever received anything in writing from the EEOC and stated, in response to question whether he got "a copy of the charge," that "[n]o, I don't have a copy of it." *Id.* at 12:1–4.

### B. Procedural Background

After removing this case from D.C. Superior Court, the defendant moved, under Federal Rule of Civil Procedure 12(c), for judgment on the pleadings, Def.'s Mot. J. Pleadings, ECF No. 12, which motion was denied as moot upon the plaintiff's filing of an amended complaint, Minute Order, Dec. 10, 2015. The defendant's renewed motion for judgment on the pleadings was granted with respect to four of the five counts in the amended complaint. *See Tapp I* at *3. Specifically, the Court held: (1) the Fifth Amendment claim, in Count I, failed as a matter of law since the plaintiff was an at-will employee and, therefore, his "employment did not constitute a property right that triggers the procedural protections of the [Fifth Amendment's] Due Process Clause," *id.* at *17–21; (2) the claim, under 42 U.S.C. § 1983, in Count II, failed because the

defendant is not a "person" within the scope of this law, *id.* at *21–23; and (3) the plaintiff's claims "for false light/privacy invasion," in Count IV, and intentional infliction of emotional distress, in Count V, were barred by the defendant's sovereign immunity, *id.* at *23–32.

As noted, the gender discrimination claim in Count III, which was raised for the first time in the amended complaint, survived the defendant's challenge that the plaintiff had failed to exhaust his administrative remedies at the EEOC, as required by 42 U.S.C. § 2000e-5, since the defendant failed to provide "any proof" supporting this affirmative defense. *Id.* at *32, *34. The parties were permitted a brief period for discovery solely on the exhaustion question, *id.* at *35, during which period the plaintiff was deposed in January 2017, Def.'s Mem. at 2.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 56 provides that summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Summary judgment is properly granted against a party who, "after adequate time for discovery and upon motion, . . . fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the burden to demonstrate the "absence of a genuine issue of material fact" in dispute, *id.* at 323, while the nonmoving party must present specific facts supported by materials in the record that would be admissible at trial and that could enable a reasonable jury to find in its favor, *see Anderson v. Liberty Lobby, Inc.* ("*Liberty Lobby*"), 477 U.S. 242, 248 (1986); *Allen v. Johnson*, 795 F.3d 34, 38 (D.C. Cir. 2015) (noting that, on summary judgment, appropriate inquiry is "whether, on the evidence so viewed, 'a reasonable jury could return a verdict for the nonmoving party'" (quoting *Liberty Lobby*, 477 U.S. at 248)) ;

5

*see also Greer v. Paulson,* 505 F.3d 1306, 1315 (D.C. Cir. 2007) ("[S]heer hearsay . . . counts for nothing on summary judgment." (internal quotation marks omitted)); FED. R. CIV. P. 56(c), (e)(2)–(3). In ruling on a motion for summary judgment, all justifiable inferences must be drawn in favor of the nonmoving party, whose evidence must be accepted as true. *Young v. UPS*, 135 S. Ct. 1338, 1347 (2015) (noting that "at the summary judgment stage," when "there is a genuine dispute as to these facts, we view this evidence in the light most favorable to [] the nonmoving party"); *see also Scott* v. *Harris*, 550 U. S. 372, 380 (2007); *Liberty Lobby*, 477 U.S. at 255; *Grosdidier v. Broad. Bd. of Governors*, 709 F.3d 19, 23–24 (D.C. Cir. 2013). While the court is only required to consider the materials explicitly cited by the parties, "other materials in the record" may be also be considered. FED. R. CIV. P. 56(c)(3).

### III. DISCUSSION

The defendant does not dispute the plaintiff's account of his visit to the EEOC, Def.'s SUMF at 1 n.1, but argues that his deposition testimony and the record in the case demonstrates a failure to exhaust administrative remedies warranting judgment in defendant's favor on the plaintiff's gender discrimination claim, Def.'s Mem. at 2–4. The Court agrees.

A plaintiff may file a Title VII action in federal court only after timely exhausting administrative remedies before the EEOC. *See Payne v. Salazar*, 619 F.3d 56, 65 (D.C. Cir. 2010); *Bowden v. United States*, 106 F.3d 433, 437 (D.C. Cir. 1997). "The EEOC filing requirement" is meant "'to give prompt notice to the employer'" of the claim and facilitate resolution of the issues. *Schuler v. PricewaterhouseCoopers, LLP*, 514 F.3d 1365, 1376 (D.C. Cir 2008) (quoting *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 398 (1982)); *see also Bowden*, 106 F.3d at 437 ("Complainants must timely exhaust these administrative remedies before bringing their claims to court."). Thus, an EEOC charge must include certain specific

information about the filer and the facts underlying the charge, *see* 29 C.F.R. § 1601.12(a), and "is sufficient when the [EEOC] receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of," *id.* § 1601.12(b). Indeed, the statute requires that a charge "shall be in writing under oath or affirmation." 42 U.S.C. § 2000e-5(b). The Supreme Court has stressed that, in Title VII cases, "strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 108 (2002) (quoting *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980)). Whether a plaintiff in a Title VII case has timely exhausted administrative remedies is not a jurisdictional requirement, but is an affirmative defense that the defendant bears the burden of proving by a preponderance of the evidence. *Menominee Indian Tribe of Wis. v. United States*, 614 F.3d 519, 527 (D.C. Cir. 2010); *Artis v. Bernanke*, 630 F.3d 1031, 1034 n.4, (D.C. Cir. 2011); *Bowden*, 106 F.3d at 437 (explaining that the Title VII exhaustion requirement "function[s] like statutes of limitations"). If a defendant meets that burden, "the plaintiff then bears the burden of pleading and proving facts supporting equitable avoidance of the defense." *Bowden*, 106 F.3d at 437; *Jones v. DOJ*, 111 F. Supp. 3d 25, 30 (D.D.C. 2015).

The defendant contends that the plaintiff failed to file a charge with the EEOC as required by Title VII because, by his own admission, the plaintiff "did not prepare a written statement detailing his allegations." Def.'s SUMF ¶ 5; *see* Pl.'s Depo. 14:2–5 (responding to direct question whether plaintiff had "a prepared statement to bring to the EEOC," plaintiff stated "It was fresh in my mind at that particular time."). He has further attested to the fact that he has no copy of any written charge. Pl.'s Depo. at 12:4. The record indicates that the only action taken by the plaintiff to exhaust his administrative remedies was to visit an EEOC office

7

on a single occasion, and talk to an EEOC employee, who may be a hearing officer. He did nothing more.

In briefing, the plaintiff claims, without citation, that he "completed the paperwork necessary to file a charge against Defendant WMATA." Pl.'s Mem. Supp. Opp. Def.'s MSJ ("Pl.'s Opp'n") at 5, ECF No. 36; *id.* at 6 (describing plaintiff as "filing [sic] out the form which EEOC requires complainants to use to indicate their charge"); *id.* at 7 (asserting plaintiff "in fact, did" file a charge of discrimination). Yet, nothing in the record supports this assertion in plaintiff's counsel's briefing. To the contrary, the plaintiff did not provide any written statement, only an oral interview, to the EEOC and has nothing in writing reflecting any written charge filed with the EEOC. Pl.'s Depo. at 12:4.[3]

Even with all justifiable inferences drawn in the plaintiff's favor, the statute and relevant case law are clear that his visit to an EEOC office and his conversation with an EEOC employee are not a substitute for the statutorily required written charge and do not amount to exhaustion of his administrative remedies. *See, e.g.*, *Rodriguez v. Sec'y of Dep't of Veterans Affairs*, 605 Fed. App'x 957, 958 (11th Cir. 2015) (holding that plaintiff had not exhausted her "claims of a supervisor mocking her accent" by mentioning incident only during an EEOC interview); *Sommatino v. United States*, 255 F.3d 704, 709 (9th Cir. 2001) ("[V]erbal complaints to the EEO counselor and [plaintiff's] e-mails are insufficient to constitute substantial compliance with the claim presentment requirements."); *Diefenderfer v. Peters*, 2009 U.S. Dist. LEXIS 60595 at *14 (W.D. Wash. June 29, 2009) (finding that raising constructive discharge issue orally at EEOC hearing is a "delayed and informal method of presentation of a claim [that] does not fulfill the

---

[3] The plaintiff's attorney evidently requested, nearly one year ago, records of his visit to the EEOC, Pl.'s Opp'n, Ex. 2 (Letter to EEOC), ECF No. 36-2, but no supplementation of the record with submission of any EEOC-related documents has been made.

statutory filing requirement"); *Woodyard v. Gal-Tex Hotel Corp.*, 2008 U.S. Dist. LEXIS 55795 at *10 (W.D. Va. July 22, 2008) ("Title VII requires the filing of a written charge of discrimination with the EEOC as a prerequisite to filing suit . . . [which cannot] be excused or otherwise satisfied by some other type of action by an aggrieved employee."); *Bartlett v. Fruehauf Corp.*, 642 F. Supp. 954, 956 (W.D. N.C. 1986) ("[O]ral discussion during a visit to the EEOC does not qualify as 'filing' a charge.").

The plaintiff nonetheless invokes *Federal Exp. Corp. v. Holowecki*, 552 U.S. 389 (2008), to argue that the EEOC employee's "refus[al] to process [the plaintiff's] charge" does not prevent him from suing WMATA in federal court, Pl.'s Opp'n at 6–7. While the Supreme Court held in that case that an individual's right to sue is not "condition[ed] . . . upon the agency taking any action," *Holowecki* at 404, the statutory requirement for "the aggrieved individual to file a charge before filing a lawsuit" was simply not at issue, *id.* at 403–04. *Holowecki*, in other words, does not absolve the plaintiff of satisfying the statutory and regulatory requirements, under 42 U.S.C. § 2000e-5(b) and 29 C.F.R. § 1601.12, of exhausting administrative remedies by filing with the EEOC a written charge. *See Woodyard*, 2008 U.S. Dist. LEXIS at *10 ("Title VII requires the filing of a written charge of discrimination with the EEOC as a prerequisite to filing suit, and there is nothing in the *Holowecki* opinion that would support the notion that this statutory requirement may be excused or otherwise satisfied by some other type of action by an aggrieved employee."). In short, contrary to the plaintiff's argument, *Holowecki* does not provide a way around Title VII's written charge requirement.

While all justifiable inferences are to be drawn in favor of the plaintiff, the record here does not support an inference that he exhausted his administrative remedies by filing a charge in "writing under oath or affirmation." 42 U.S.C. § 2000e-5(b). Instead, set against the total

9

absence of any record of such a written charge to the EEOC regarding the gender discrimination claim, compounded by the plaintiff's deposition testimony that he prepared no written statement of this claim and did nothing other than speak to EEOC personnel about the claim on one occasion, the defendant has met its burden of proof.

The plaintiff seeks to excuse any failure to pursue administrative remedies by arguing that, after the EEOC employee "refus[ed] to process his charge," "there was nothing further that [he] could have done" at the EEOC. Pl.'s Opp'n at 7. That is simply incorrect—nothing prevented him from providing the EEOC with more information or clarifying his purported charge. Indeed, additional interactions between complainants and the EEOC are permissible so that a complainant's "charge may be amended to cure technical defects or omissions, including failure to verify the charge, or to clarify and amplify allegations made therein." 29 C.F.R. § 1601.12(b).

Moreover, the plaintiff cannot "avoid the exhaustion requirement on the ground that [government] officials erroneously advised [the plaintiff] of the futility of pursuing his administrative remedies." *Deaf Smith Cty. Grain Processors, Inc. v. Glickman*, 162 F.3d 1206, 1214 (D.C. Cir. 1998); *see also Office of Personnel Mgmt. v. Richmond*, 496 U.S. 414, 415–16 (1990) (holding that "erroneous oral and written advice given by a Government employee" to a plaintiff cannot "give rise to estoppel against the Government"); *Rahimi v. Weinstein*, 2017 U.S. Dist. LEXIS 153944 at *14 (D.D.C. Sept. 21, 2017) (declining to excuse plaintiff's failure timely to exhaust certain discrimination claims based on erroneous advice she claimed to have been given by Human Resources Department). In sum, the plaintiff has presented no equitable reason to excuse his failure to exhaust his administrative remedies for his gender discrimination claim in Count III.

## IV. CONCLUSION

For the foregoing reasons, based on the record developed following an opportunity for discovery, the defendant has carried its burden of demonstrating by a preponderance of the evidence that the plaintiff failed to submit to the EEOC the requisite written charge describing his gender discrimination claim or otherwise exhaust his administrative remedies. Accordingly, the defendant's motion for summary judgment is GRANTED.

An Order consistent with this Memorandum Opinion will be filed contemporaneously.

Date: December 20, 2017

_____

BERYL A. HOWELL
Chief Judge